# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

JAROL ANTONIO SANTIAGO,

    Petitioner,

-vs-                                                             Case No.  8:22-cv-2655-CEH-CPT

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.

_____/

## ORDER

Petitioner, a Florida inmate, initiated this action by petitioning for the writ of habeas corpus under 28 U.S.C. § 2254 ("petition") (Doc. 1). Respondent moves to dismiss the petition as time barred (Doc. 6), which Petitioner opposes (Doc. 7). Upon consideration, the petition will be denied as time barred.

**Procedural Background**

A jury found Petitioner guilty of first-degree murder and tampering with evidence (Doc. 6-2, Ex. 2).[1] He was sentenced to life in prison on the murder conviction and to 5 years in prison on the tampering conviction (*Id.*, Ex. 3). His convictions and sentences were affirmed on appeal on February 25, 2015 (*Id.*, Ex. 6).

---

[1] Unless otherwise indicated, for purposes of reference to pleadings and exhibits, the Court will cite the document page numbers assigned by the Court's electronic docketing system.

On February 25, 2016, Petitioner filed a petition for a writ of habeas corpus alleging ineffective assistance of appellate counsel (*Id.*, Ex. 8). The petition was denied on March 30, 2016 (*Id.*, Ex. 9).

On June 21, 2016, Petitioner filed a motion for post-conviction relief under Rule 3.850, Fla.R.Crim.P. (*Id.*, Ex. 10). The Rule 3.850 motion was denied (*Id.*, Ex. 11). The denial was affirmed on appeal (*id.*, Ex. 14), and the appellate court mandate issued on July 21, 2021 (*Id.*, Ex. 15).

On July 6, 2021, Petitioner filed a motion for jail credit (*Id.*, Ex. 16). The motion was dismissed as untimely (*Id.*, Ex. 17). Petitioner did not appeal.

On July 20, 2021, Petitioner filed a motion to correct an illegal sentence under Rule 3.800, Fla.R.Crim.P. (*Id.*, Ex. 18). Because the motion challenged Petitioner's murder conviction, the state post-conviction court construed it as a motion under Rule 3.850 and dismissed it on November 1, 2021, as "facially insufficient, untimely, and successive." (*Id.*, Ex. 19). On April 27, 2022, Petitioner filed a petition for a belated appeal of the order dismissing his construed Rule 3.850 motion (*Id.*, Ex. 21). The petition was granted on July 8, 2022 (*Id.*, Ex. 22). The denial of the construed Rule 3.850 motion was affirmed on appeal (*id.*, Ex. 24), and the appellate court mandate issued on October 10, 2022 (*Id.*, Ex. 25).

Petitioner filed his federal habeas petition on November 14, 2022 (Doc. 1 at 1).[2]

---

[2] A pleading is considered filed by a prisoner on the date it was delivered to prison authorities

2

**Discussion**

Respondent moves to dismiss the petition as time barred (Doc. 6). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations within which a state prisoner may file a federal habeas petition. 28 U.S.C. § 2244(d)(1). *Lawrence v. Florida*, 549 U.S. 327, 331 (2007). Section 2244(d)(1) provides:

(d)(1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

For purposes of the AEDPA, the relevant one-year limitations period applicable here runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." § 2244(d)(1)(A). And under

---

for mailing. *See Garvey v. Vaughn*, 993 F.2d 776, 783 (11th Cir. 1993) (stating that "the date of filing shall be that of delivery to prison officials of a complaint or other papers destined for district court for the purpose of ascertaining timeliness").

28 U.S.C. § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

Petitioner's judgment was affirmed on February 25, 2015, so his convictions became final ninety days later, on May 26, 2015. *See* Sup.Ct.R. 13; *Nix v. Sec'y, Fla. Dep't of Corr.*, 393 F.3d 1235, 1236-37 (11th Cir. 2004) (holding that a petitioner's conviction became final, for federal habeas purposes, after the expiration of the 90-day period in which he could have sought certiorari review in the United States Supreme Court). Thus, the AEDPA statute of limitations started the next day, May 27, 2015.

The limitations period ran for 274 days before it was tolled by Petitioner's February 25, 2016 petition alleging ineffective assistance of appellate counsel. The period remained tolled until the petition was denied on March 30, 2016. Another 83 days of the period elapsed before it was tolled again by Petitioner's June 21, 2016 Rule 3.850 motion. The period remained tolled until July 21, 2021, when the mandate was issued on appeal from the denial of the motion.

Petitioner filed his motion for jail credit on July 6, 2021, and his Rule 3.800 motion to correct illegal sentence (construed as a Rule 3.850 motion) on July 20, 2021. But neither motion tolled the limitations period because neither was "properly filed," since both were dismissed as untimely. *See Jones v. Sec'y, Fla. Dep't of Corr.*, 906 F.3d 1339, 1342 (11th Cir. 2018) ("In *Pace v. DiGuglielmo*, 544 U.S. 408, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005), the

4

United States Supreme Court expressly held that a state court motion for post-conviction relief cannot be considered 'properly filed' for tolling under Section 2244(d)(2) if the motion was untimely under state law."). Thus, the limitations period elapsed on July 30, 2021.[3] Accordingly, Petitioner's federal habeas petition, filed on November 22, 2022, is untimely.

In his reply, Petitioner appears to contend that he is entitled to equitable tolling of the limitations period (Doc. 7). The AEDPA's statute of limitations is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631 (2010). "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.,* at 649.

Petitioner contends that the limitations period should be tolled when, during his appeal of the denial of his initial Rule 3.850 motion, he filed a motion for a 60-day extension to file his initial brief in August 2020, and while his motion for rehearing was pending and denied in June 2021, after the appellate court affirmed (Doc. 7 at 2). The Court need not address these issues because the limitations period was already tolled until

---

[3] Petitioner's April 27, 2022 petition for belated appeal of his construed Rule 3.850 motion did not toll the limitations period because the period had already expired. *See Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003) ("While a 'properly filed' application for post-conviction relief tolls the statute of limitations, it does not reset or restart the statute of limitations once the limitations period has expired.").

5

the appellate mandate issued on July 21, 2021.

Petitioner also contends that he is entitled to equitable tolling between October 29, 2021, when the state post-conviction court denied his second Rule 3.850 motion, and April 1, 2022, when he received the order denying the motion (*Id.* at 3). And he seeks equitable tolling between October 10, 2022, and October 31, 2022, because he "was not able to go to [the prison] law library for 3 weeks." (*Id.*). But even if these matters were grounds for equitable tolling, they would not justify equitable tolling here because they occurred after the AEDPA clock had expired on July 30, 2021. *See Downs v. McNeil*, 520 F.3d 1311, 1325 (11th Cir. 2008) ("We note generally that equitable tolling would not be available for any period of time following December 4, 2001, when Downs' federal limitations period expired.").

Petitioner's federal habeas petition was untimely filed. And because Petitioner fails to show entitlement to tolling or any other equitable exception to the statute of limitations, the petition is time-barred.[4]

Accordingly,

1. The petition (Doc. 1) is **DISMISSED** as time barred.

2. If Petitioner appeals the denial of the petition, the Court denies a certificate of appealability. Because the Court has determined that a certificate of appealability is

---

[4] *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013) ("We hold that actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar ... or ... expiration of the statute of limitations.").

unwarranted, Petitioner may not appeal *in forma pauperis*.

3. The Clerk of Court is directed to close this case.

**ORDERED** in Tampa, Florida, on April 23, 2025.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Petitioner, *pro se*
Counsel of Record