**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

JAROL ANTONIO SANTIAGO,

    Petitioner,

-vs-                                      Case No.  8:22-cv-2655-CEH-CPT

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

**ORDER**

Before the Court is Petitioner's "Motion Under Fed.R.Civ.P. 60(b)3 (sic) for Unintentional Misconducd (sic) or Misrepresentation as well as Intentional" (Doc. 17). "Rule 60(b)(3) provides relief from final judgment due to 'fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party.'" *Solomon v. DeKalb Cnty., Ga.*, 154 F. App'x 92, 94 (11th Cir. 2005) (citing Fed.R.Civ.P. 60(b)(3)). To prevail under Rule 60(b)(3), the movant must prove fraud or misrepresentation by clear and convincing evidence. *Cox Nuclear Pharmacy v. CTI, Inc.*, 478 F.3d 1303, 1314 (11th Cir. 2007). And evidence already in the movant's possession cannot form the basis for relief under Rule 60(b)(3). *Id.* at 1315.

Petitioner presents no clear and convincing evidence of fraud or misrepresentation committed by Respondent. And to the extent that he asserts, for the first time, that he was entitled to equitable tolling due to the Covid-19 pandemic, that information was available

1

to Petitioner before judgment was entered in this case.

Accordingly, Petitioner's Rule 60(b)(3) motion (Doc. 17) is **DENIED**. To the extent a certificate of appealability is required for the appeal of this Order, the Court finds that Petitioner is not entitled to a certificate of appealability.

**ORDERED** in Tampa, Florida, on January 8, 2026.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Petitioner, *pro se*
Counsel of Record